REQUESTED BY: Corn Development, Utilization and Marketing Board; Mr. E. Mickey Stewart, Nebraska Director of Agriculture.
If the names of the signatories on a nomination petition to the Governor are not separately printed pursuant to the rule of an administrative board, would the candidate be ineligible for appointment by the Governor pursuant to section2-3614, R.S.Supp. 1978?
If the date of the signature is not included and the county of residence of the signatory, although ascertainable, is not separately shown on a nomination petition to the Governor, would a candidate be ineligible for appointment by the Governor pursuant to section 2-3614, R.S.Supp. 1978?
No.
No.
As an ex officio member of the Corn Development, Utilization and Marketing Board, you have requested our opinion, by letter of June 5, 1979, with respect to certain nomination petitions under review by the board for submission to the Governor pursuant to the requirements of the Nebraska Corn Resources Act, section 2-3601, R.S.Supp. 1978. We understand from your letter that various petitions have been received relative to two vacancies on the board, which intends to place the names of all qualified and eligible candidates on a list to be submitted to the Governor. Your questions relate to two particular petitions which appear to contain the names of a sufficient number of qualified resident corn growers to place the candidate's name for nomination to the Governor. However, because the form of these two petitions does not comport to certain administrative rules of the board, you have raised the questions above for our review.
It is first necessary to consider the statutory basis for the procedure to be followed in submitting nominations of qualified candidates to the Governor. Section 2-3614, R.S.Supp. 1978 provides as follows:
 "Members [of the Corn Development Utilization and Marketing Board] shall be appointed by the Governor on a nonpartisan basis. Candidates for appointment by the Governor to the initial board may place their names on a candidacy list for the respective district by filing a petition signed by at least fifty growers of such district with the Governor. Candidates for appointment to subsequent boards shall file such petitions with the existing board. Qualified individuals residing within their district shall be eligible for nomination as candidates from such district."
From a review of the above legislative guidelines, we can see that the Legislature has simply required that a petition be submitted to the board which is signed by at least 50 growers residing in the district to be represented by the Governor's appointment. Eligible nominees must also establish that they reside within the district which they intend to represent.
The board is empowered, at section 2-3622(3), R.S.Supp. 1978 to adopt and promulgate administrative regulations `. . . as are necessary to enforce the provisions of sections2-3601 to 2-3635 in accordance with Chapter 84, Article 9.' In accordance with this legislative authorization, the board developed Rule No. 1, which provides at section (2)(b)(3i) certain requirements for candidacy petitions which would be deemed by the board to comply with the requirements of the Nebraska Corn Resources Act. In part, these petition requirements include the following guideline: `Petitions must be in the form prescribed by Form A of this Rule.'
Form A of Rule 1 sets forth a model candidacy petition which calls for the name of the petition signatories to be printed, in addition to the actual signature, and further calls for the county of residence to be included as well as the date the petition was signed by the resident grower.
Presumably, the board has established this model format for petition candidates to follow in order to assist the members of the board in verifying that 50 resident, qualified corn growers have properly nominated a particular candidate. Nonetheless, we must bear in mind that it is the statutory requirements, as opposed to the administrative rules, which are controlling in determining the eligibility of the candidate. The legislative grant of power to an administrative agency must be limited to the express legislative purpose and administered accordingly, in light of the standards described in the legislative act itself.Gillette Dairy, Inc. v. Nebraska Dairy Products Board,192 Neb. 89, 219 N.W.2d 214 (1974).
With these principles in mind, we turn now to the petitions in question. Your first question concerns a petition where the corn grower's signature is followed by the name of the county of residence and the date the petition was signed. Although the name of the signatory is not printed, the petition certainly appears to be in compliance with section 2-3614 as long as the board can ascertain that the signatures include at least 50 qualified growers who wish to place their candidate in nomination.
The second question you raise concerned a candidacy petition where the signatories included only their address by listing the Nebraska city of residence. While this format did not precisely comply with the administrative rule, the requirements of section 2-3614 again appear to have been satisfied to the extent the board is able to verify that the signatories meet the requirements of district residence and corn grower occupation.
Our analysis is based not only upon the administrative law guidelines we have referenced above, but also upon certain legal principles applicable to officials charged with the conducting of elections. As the Nebraska Supreme Court recognized in the case of State ex rel. Lanham v. Sheets,119 Neb. 145, 227 N.W. 457 (1929), certain rules which govern a qualified voter's conduct should be considered directory, rather than mandatory, when the intention of the voter is clearly apparent. In Sheets, the failure of a qualified elector to place an `x' upon the ballot opposite a candidate's name did not invalidate the ballot when the elector clearly printed the name of the candidate of his choice. Following the same reasoning, a nomination petition should not be invalidated by an alteration or deviation, absent any indication of fraud or misrepresentation, when the intent and the qualification of the signer is clearly ascertainable. 29 C.J.S., Elections § 106 at p. 249 (1965).
We can appreciate the practical problems which you and the board may encounter in validating petitions when candidates fail to comply with your rules. Furthermore, it is certainly in the candidate's best interests to use the petition format recommended by the board to assure that the petition is legible and the names are ascertainable for verification. Nevertheless, when the administrative body is able to ascertain that the statutory requirements of the controlling statute have been met by the candidate, we believe that form must yield to substance in accordance with the principles we have cited above.